IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roy W. Iriel,                                ) | C/A No.: 2:07-3946-JFA-RSC |
|                                             ) | |
|           Plaintiff,            ) | |
|     v.                             ) | |
|                                             ) | **ORDER** |
| Michael J. Astrue,                ) | |
| Commissioner of Social Security,   ) | |
|                                             ) | |
|           Defendant.           ) | |
| _____ ) | |

This is an action brought by the plaintiff, Roy W. Iriel, pursuant to section 205(g) of the Social Security Act, as amended, to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for disability insurance benefits ("DIB").

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. In the Report and Recommendation, the Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence as stated by the plaintiff. This court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation. The plaintiff filed objections within the time limits prescribed by the local

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

rules of this district. The Commissioner filed a response to the plaintiff's objections. Thus, it appears the matter is ripe for review by this court.

## I. Background and Procedural History

The plaintiff applied for disability insurance benefits ("DIB") alleging disability as of October 24, 2003 due to breathing problems and fatigue from sarcoidosis in his lungs, gout, coronary artery disease, neck and low back pain, anxiety and depression, and dizziness from medication. He was 48 years old when he alleges he became disabled. He completed the ninth grade in high school and does not have a GED. The plaintiff has past relevant work as a truck router and a data communications technician.

The plaintiff's application for DIB was denied initially and upon reconsideration. He was granted a hearing before an ALJ who concluded that plaintiff was not disabled. The Appeals Council adopted the ALJ's decision denying benefits, making it the Commissioner's final decision on October 11, 2007.

## II. Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the court's

findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As noted by Judge Sobeloff in Flack v. Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

### III. DISCUSSION

#### A. *The ALJ's Findings*

In his decision, the ALJ made the following findings, in relevant part:

1. The claimant meets insured status requirements of the Social Security Act through December 21, 2010.

2. The claimant has not engaged in substantial gainful activity since October 24, 2003, the alleged onset date.

3. The claimant has the following severe impairments: sarcoidosis, coronary artery disease, degenerative changes of the cervical and lumbar spine, gout, depression, and anxiety.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to stand, sit, and walk six hours each day in an eight-hour workday with the option to sit or stand at will and to frequently lift and carry 10 pounds with a heaviest weight lifted occasionally of 20 pounds. ...

6.  The claimant is unable to perform any past relevant work.

7.  The claimant was born on March 10, 1955, and was 48 years old on the alleged disability onset date, which is defined as a younger individual age 45-49.

8.  The claimant has at least a high school education and is able to communicate in English.[2]

9.  The vocational expert testified that the claimant had no transferable skills to "light" exertional jobs.

10. Considering the claimant's age, education, work experience, and residual function capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant was not under a "disability" as defined in the Social Security Act from October 24, 2003 through the date of this decision.

B.  *Arguments of the Plaintiff and Commissioner;*
*and the Magistrate Judge's Recommendations*

In his complaint, the plaintiff contends that the ALJ erred in (1) failing to follow the treating physician rule; and (2) failing to afford great weight to plaintiff's testimony regarding persistence, intensity, and limiting effects of his symptoms.

The plaintiff first argues that the ALJ erred in failing to properly assess the opinion of plaintiff's treating physician/cardiologist, Dr. Steven Miller. Specifically, the plaintiff

---

[2] The plaintiff notes in its objections to the Report and Recommendation that the plaintiff testified he has only a ninth grade education and does not have a GED. However, the plaintiff's complaint notes that he has a high school education.

4

complains that the ALJ's evaluation does not give adequate explanation as to why Dr. Miller's opinion was not given more deference. Further, the plaintiff argues that the ALJ did not properly consider the objective evidence of plaintiff's complaints of the intensity of his pain.

The Magistrate Judge suggests that there is no reversible error in the ALJ's findings and the ALJ was entitled to accord the physician's opinion with limited weight because the plaintiff was "doing well" from a cardiovascular perspective. The Magistrate Judge also notes in the Report that much of the severity assigned by Dr. Miller to the plaintiff's condition appears to be based on plaintiff's own description of the severity of his condition rather than on objective evidence. The Magistrate Judge also suggests that the ALJ properly determined the plaintiff's residual functional capacity.

The ALJ found that plaintiff's subjective complaints were not entirely credible and that the ALJ supported his conclusion by a review of the medical evidence which indicated that the plaintiff could perform a limited range of light work. In addition, the ALJ noted that no physician found that his muscle cramp problems significantly limited his activities. Despite the plaintiff's testimony that he could not perform light work because he had to lie down each day, his physicians repeatedly directed him to get more exercise. Finally, the ALJ noted that plaintiff's physicians repeatedly found the plaintiff to be alert and fully oriented and no physician limited his activities due to dizziness from medication side-effects.

In his objections to the Report, the plaintiff merely raises the same arguments set forth in his Brief. As noted earlier in this order, review by this court (including the Report and

Recommendations of the Magistrate Judge) is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the ultimate conclusions reached by the Commissioner are legally correct. If there is substantial evidence to support the Commissioner's decision, then this court must affirm the decision. The Magistrate Judge has reviewed all of the evidence in reaching his recommendation and properly exercised his authority in recommending to the court that the Commissioner's decision be affirmed.

## IV.  CONCLUSION

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the objections of the plaintiff thereto, the court finds the Report provides an accurate summary of the facts in the instant case and that the conclusions are proper. The Magistrate Judge's findings are hereby specifically incorporated herein by reference.

Accordingly, the Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

November 19, 2008                    Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge